CV 14 - 5231

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2014 SEP -3 PM 7:57

--------------------------------------------------------------------X

YAIR RAY,

                                        Plaintiff,          **COMPLAINT**

              -against-                                      Index No.

                                                            SUMMONS ISSUED

                                                            Jury Trial Demanded

CITY OF NEW YORK, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),         BRODIE, J.

                                        Defendants.          POLLAK, M.J.

--------------------------------------------------------------------X

      Plaintiff YAIR RAY, by his attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States. Plaintiff also

asserts supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff YAIR RAY is a thirty-one year old African American man residing in Brooklyn, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On July 5, 2013, at approximately 1:15 a.m., in front of 65 Lenox Road, Brooklyn, New York, plaintiff YAIR RAY was lawfully present in front of the apartment building where he lives when the defendant police officers unlawfully stopped RAY.

13.     Upon information and belief, the defendant officers stopped RAY pursuant to an unlawful practice of stopping and searching individuals due to discrimination against them based on their race and/or nationality and not for a lawful particularized suspicion that RAY was engaged in criminal activity.

14.     The defendant officers unlawfully and unjustifiably told RAY, in sum and substance, that he had to move from the front of his building.

15.     MR. RAY then stated, in sum and substance, why did he have to move from the front of his building.

16.     In response to RAY's question, the defendant officers unlawfully and unjustifiably requested Mr. RAY's identification.

17.     When RAY then stated, in sum and substance, for what do you need my identification, the defendant officers immediately attacked RAY.

18.     The defendant officers struck RAY in his head, slammed him to the ground, and repeatedly struck him on his head and body with punches, kicks and a hard object, believed to be an asp or baton.

19.     The defendant officers placed over tight handcuffs on RAY'S wrists and continued to strike him on his head and body while he was handcuffed.

20.     The defendant officers picked RAY up from the ground, put him in a police

3

vehicle and transported him to the NYPD's 70th precinct stationhouse.

21.   While the defendants transported RAY to the stationhouse, RAY complained to the defendants that the handcuffs were extremely tight and causing severe pain and numbness. The defendants ignored RAY'S complaints and did not inspect or adjust RAY'S handcuffs.

22.   In the stationhouse, defendant officers placed restraints on RAY's ankles.

23.   The defendant officers imprisoned RAY in a holding cell at the 70th precinct with other prisoners who were unrestrained, while RAY was restrained by rear handcuffs and ankle shackles.

24.   RAY repeatedly complained that his restraints were causing pain and requested that they be removed.   The defendant officers ignored RAY'S complaints.

25.   RAY was imprisoned in said manner until NYPD officers transported RAY to Kings County central booking.

26.   Prior to transporting RAY to central booking, the defendant officers caused RAY to be transported Maimonides Medical Center in police custody, where he received treatment for the injuries inflicted upon him.

27.   RAY was discharged from the hospital and thereafter arraigned on July 6, 2013 on baseless charges filed in Kings County Criminal Court on docket no. 2013KN051291; said charges having been filed based on the false allegations of the defendant officers. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: in an effort to avoid discipline for the aforementioned acts of brutality.

4

28.     The defendant police officers created and manufactured false evidence against RAY, which the officers conveyed to the Kings County District Attorney's Office causing said evidence to be used against RAY in the aforementioned legal proceeding.

29.     The false charges compelled RAY to return to court until May 19, 2014, when all the false allegations levied against RAY were dismissed and sealed in Kings County Criminal Court.

30.     The defendant NYPD officers JOHN and JANE DOE 1 through 10 either directly participated in and/or failed to intervene in the illegal conduct described herein.

31.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality, and pursuant to a practice of falsification.

32.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: the use of force; disproportionately stop, search, and arrest individuals due to discrimination against them based on their race or nationality; and engage in a practice of falsification.

33.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

34.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

35.     As a result of the foregoing, plaintiff YAIR RAY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if fully set forth herein.

37.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

38.     All of the aforementioned acts deprived plaintiff YAIR RAY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

40.     The acts complained of were carried out by the aforementioned individual

6

defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.     As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants arrested plaintiff YAIR RAY without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

45.     Defendants caused plaintiff YAIR RAY to be falsely arrested and unlawfully imprisoned.

46.     As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

7

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff YAIR RAY'S constitutional rights.

49.     As a result of the aforementioned conduct of defendants, plaintiff YAIR RAY was subjected to excessive force and sustained physical and emotional injuries.

50.     As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants created false evidence against plaintiff YAIR RAY.

53.     Defendants utilized this false evidence against plaintiff YAIR RAY in legal proceedings.

54.     As a result of defendants' creation and use of false evidence, plaintiff YAIR RAY suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

55.     As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory

8

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against
the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,costs
and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in
paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants initiated, commenced and continued a malicious prosecution against
plaintiff YAIR RAY.

58.     Defendants caused plaintiff YAIR RAY to be prosecuted without any probable
cause until the charges were dismissed on or about May 19, 2014.

59.     As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory
damages in an amount to be fixed by a jury, and is further entitled to punitive damages against
the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,
costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in
paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants issued criminal process against plaintiff YAIR RAY by causing his
arrest and prosecution in a criminal court.

62.     Defendants caused plaintiff YAIR RAY to be arrested and prosecuted in order to
obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid

9

discipline for their acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

63. As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants had an affirmative duty to intervene on behalf of plaintiff YAIR RAY, whose constitutional rights were being violated in their presence by other officers.

66. The defendants failed to intervene to prevent the unlawful conduct described herein.

67. As a result of the foregoing, plaintiff YAIR RAY'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to excessive force and over tight handcuffing, and he was humiliated and compelled to appear in criminal court.

68. As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

71.     As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     The defendants falsely arrested and subjected plaintiff YAIR RAY to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

74.     As a result of the foregoing, plaintiff YAIR RAY was deprived of his rights under the Equal Protection Clause of the United States Constitution.

75.     As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff YAIR RAY'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

79.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff YAIR RAY.

80.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff YAIR RAY as alleged herein.

81.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force

behind the Constitutional violations suffered by plaintiff YAIR RAY as alleged herein.

82.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff YAIR RAY was unlawfully arrested, subjected to excessive force and maliciously prosecuted.

83.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff YAIR RAY'S constitutional rights.

84.     All of the foregoing acts by defendants deprived plaintiff YAIR RAY of federally protected rights, including, but not limited to, the right:

    A.     Not to be deprived of liberty without due process of law;

    B.     To be free from false arrest/unlawful imprisonment;

    C.     To be free from excessive force;

    D.     To be free from the failure to intervene;

    E.     To receive his right to fair trial;

    F.     To be free from malicious prosecution;

    G.     To be free from malicious abuse of process; and

    H.     To receive equal protection under law.

85.     As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

13

paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

88.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

89.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

90.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

91.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Defendants arrested plaintiff YAIR RAY without probable cause.

94.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

95.     As a result of the aforementioned conduct, plaintiff YAIR RAY was unlawfully imprisoned in violation of the laws of the State of New York.

96.     As a result of the aforementioned conduct, plaintiff YAIR RAY suffered physical

14

and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

97.    As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

98.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.    As a result of the foregoing, plaintiff YAIR RAY was placed in apprehension of imminent harmful and offensive bodily contact.

100.   As a result of defendant's conduct, plaintiff YAIR RAY has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

101.   As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

102.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.   Defendants made offensive contact with plaintiff YAIR RAY without privilege or consent.

104.   As a result of defendants' conduct, plaintiff YAIR RAY has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

105.   As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

106.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.   Defendants initiated, commenced and continued a malicious prosecution against plaintiff YAIR RAY.

108.   Defendants caused plaintiff YAIR RAY to be prosecuted without probable cause until the charges were dismissed on or about May 19, 2014.

109.   As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

110.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    Defendants issued criminal process against plaintiff YAIR RAY by causing him to be arrested, arraigned and prosecuted in criminal court.

112.    Defendants caused plaintiff YAIR RAY to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned acts of brutality.

113.    As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

114.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

116.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

117.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

118.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff YAIR RAY.

119.    As a result of the aforementioned conduct, plaintiff YAIR RAY suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

120.    As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

121.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff YAIR RAY.

123.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

124.    As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A EIGHTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

125.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff YAIR RAY.

127.    As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN NINETEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

128.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

19

130.    As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

131.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "130" with the same force and effect as if fully set forth herein.

132.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

133.    As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

134.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "133" with the same force and effect as if fully set forth herein.

135.    As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

136.     As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12)

137.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "136" with the same force and effect as if fully set forth herein.

138.     As a result of defendants' conduct, plaintiff YAIR RAY was deprived of his right to security against unreasonable searches, seizures, and interceptions.

139.     As a result of the foregoing, plaintiff YAIR RAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff YAIR RAY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
September 3, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff YAIR RAY
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:     _____
BRETT H. KLEIN (BK4744)
JASON LEVENTHAL (JL1067)

22